SIMON KENNEDY, APPELLEE, V. CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY, APPELLANT.

FILED DECEMBER 5, 1907. No. 14,806.

1. Railroads: NEGLIGENCE: EVIDENCE. The mere killing of an animal by collision with a moving train upon the tracks of a railway company is not evidence of negligence, nor can negligence be established by inference and conjecture in contradiction to the testimony of a competent, unimpeached and disinterested eye-witness.

2. Evidence examined, and *held* insufficient to support a verdict. LET-TON, J., dissents to this proposition.

APPEAL from the district court for Saunders county: ARTHUR J. EVANS, JUDGE. *Reversed.*

*Roscoe Pound, J. W. Deweese* and *F. E. Bishop,* for appellant.

*John Barry, contra.*

AMES, C.

This is an action to recover damages for the alleged negligent killing of the plaintiff's cow upon the tracks of the defendant company. The plaintiff recovered, and the defendant appealed.

There is no important conflict in the evidence, but it is urged that conflicting inferences of fact are deducible therefrom, and that in such cases such inferences are to be drawn and the preponderance of them determined by the jury, and not by the court. The occurrence happened within the defendant's depot grounds or yards, which were not fenced nor required so to be by law. There were five or six cows of the plaintiff on the grounds at the time, all of which, it appears, had gone there a short time previously. The locomotive engineer is the only witness who testified to having seen the accident, or the animal, immediately before the former happened. He saw only that cow and one other, which, he says, were standing near each other on the defendant's right of way, and about 20 or 30 feet from the track, and that, when the train was about 150 feet away and moving at a speed of about 20 miles an hour, the animal that was killed suddenly left her companion, and bolted upon the track immediately in front of the engine. It is not claimed that the rate of speed was in itself excessive or needlessly dangerous, and the engineer testified to having kept an ordinary lookout along the track in front of him, and to have seen no other animals, and that he had no reason to anticipate the strange and

unprecedented conduct of the cow, and did not become aware of it until the instant of the collision. For that reason, he did not sound an alarm whistle, or make a sudden or what is called an emergency stoppage of the train or slacken its speed. Within what distance such a stop could have been made the record does not disclose, but it was testified that a "service" stop could have been effected in 300 feet. The cow was unquestionably a trespasser, and the rule of law is well settled and undoubted that, for the killing of or injury to an animal under such circumstances, a railway company is not liable, unless the casualty is due to the gross or wanton negligence of its servants or employees in omitting such precautions as a reasonably capable and prudent man would employ to avert danger or prevent an obviously impending catastrophe. *Young v. Hannibal & St. J. R. Co.,* 79 Mo. 336; *Burlington & M. R. R. Co. v. Wendt,* 12 Neb. 76.

The gist of the action is negligence, which is not to be presumed, but must be proved, and, in this case, of negligence in an unforeseen and not to have been anticipated emergency. We think it quite clear that, if the story of the engineer is true, the obligation of the plaintiff with respect to the burden of proof has not been met, and that the evidence is insufficient to support the verdict. That story is not directly contradicted, but the plaintiff produced witnesses who saw five or six of his cows go upon the defendant's right of way and into the yards, and who testified that after the accident happened they had followed and traced the tracks of the animals from the place of their entry to that of the killing, and that the tracks showed that the animals, or some of them, had walked that distance upon the defendant's roadbed, and from this fact, and the further fact that the accident happened, as they ascertained by "stepping," some 400 feet nearer the place of entry than the engineer guessed that it did, counsel infer and argue that the jury were justified in inferring that the engineer testified falsely, or at least mistakenly, in saying that the animal killed was one of those that he

saw standing beside the track, and contend that it was one walking on the roadbed, toward the train from the point of entry, which they say was 600 feet, and the engineer guessed was "about" 1,000 feet, from the place of the collision; and from this inference they deduce the further inference that, if the engineer had kept a reasonably careful or vigilant outlook along the railway track ahead of his train, he would have seen the cow in time to have stopped his engine, or to have frightened her away, and so have averted the casualty. It seems to us that such a building of inference upon inference is too unsubstantial a structure for the support of a verdict, especially when the inferences are contradicted by the direct testimony of a competent and unimpeached and, so far as appears, disinterested eye-witness. To hold otherwise would, it appears to us, quite overthrow the rule announced by this court in *Burlington & M. R. R. Co. v. Wendt, supra,* that the mere killing of the animal is not evidence of negligence, and to permit a recovery to be had upon a theoretical conjecture, the product rather of imagination than of fact.

We therefore recommend that the judgment of the district court be reversed and a new trial granted.

JACKSON and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and a new trial granted.

REVERSED.

LETTON, J., concurring in the conclusion.

I do not take the view as to the evidence which is announced in the foregoing opinion. I think the question is properly for the jury, and that, if the jury believed the plaintiff's witnesses, and had been properly instructed as to the law, there was sufficient evidence to support the verdict. It is admitted the cow was trespassing upon the railroad track at a point where it was not the duty of the

railroad company to fence its tracks. In such a state of facts, the railroad company is only liable in case the killing is caused wantonly or by gross negligence on the part of its employees. *Burlington & M. R. R. Co. v. Wendt, supra.* The jury were told that the question to determine was whether the employees of the railroad company were guilty of negligence in the operation of the train. This instruction was complained of and is erroneous. Unless, under all the circumstances, the engineer was guilty of gross negligence, the plaintiff cannot recover. If the jury believed the engineer, no liability existed; if they believed the plaintiff's witnesses, the question for the jury was whether it was gross or wanton negligence on the part of the engineer, under all the circumstances, not to see the cattle on the track a sufficient time before reaching them so as to avoid the killing by the exercise of ordinary care. I therefore concur in the conclusion, but not in the opinion of Mr. Commissioner AMES.